# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **LONESTAR INVENTIONS, L.P.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No. 6:10-CV-588-** |
| | § | **LED-JDL** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **SONY ELECTRONICS INC.,** | § | |
| | § | |
| *Defendant.* | § | |

## ORDER ADOPTING MEMORANDUM OPINION AND ORDER
## AND OVERRULING DEFENDANT'S OBJECTIONS

The above entitled and numbered civil action has been referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Memorandum Opinion and Order containing the Magistrate Judge's reasons for denying Defendants' Motion to Transfer Venue has been presented for consideration. ORDER DENYING MOTION TO TRANSFER VENUE ("VENUE ORDER") (Doc. No. 49) (Aug. 29, 2011). Defendant Sony Electronics Inc. ("Sony") filed a Motion for Reconsideration and Objections to Magistrate Judge Love's Order (Doc. No. 50)("Motion") and a Reply in support (Doc. No. 57)("Reply"). Plaintiff Lonestar Inventions, L.P. ("Lonestar") filed a Response in opposition  (Doc. No. 52)("Response") and a sur-reply (Doc. No. 60)("Sur-Reply").

The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct subject to the clarifications below. Accordingly, Defendant's objections are overruled and its Motion for Reconsideration (Doc. No. 50) is **DENIED**.

## DISCUSSION

Sony has filed lengthy objections, objecting to nearly every one of the Magistrate Judge's

1

findings.[1]   The objections fall into three general categories: (1)the role of third-party Cadence Design Systems, Inc. ("Cadence"), (2) the convenience of potential witnesses, and (3) judicial economy.

**The Role of Third-Party Cadence**

Sony argues at length that the Venue Order did not afford enough weight to Cadence's presence in the Northern District of California.  It is important to evaluate Cadence's Northern District of California presence in the context of this suit and Cadence's suit in the Northern District of California.  Lonestar filed this action against Sony on November 5, 2010.  *See* VENUE ORDER at 2.  Three months later, Cadence filed suit against OEA International, Inc. ("OEA") alleging infringement of five patents.  *See id.*  The case was assigned to the Honorable Sandra Brown Armstrong.  In addition to the five infringement counts against OEA's software, Cadence also included a declaratory judgment claim that the Sony CXD2819R does not infringe Lonestar's '725 patent.  *See id.*  While Lonestar is related to OEA, they are nevertheless separate entities and the declaratory judgment claim is otherwise unrelated to Cadence's claims against OEA.  *See id; see also Cadence Design Systems, Inc. v. OEA Int'l, Inc.,* No. CV11-0713 SBA, 2011 WL4403619, at *3 (N.D. Cal. Sept. 20, 2011) ("There is no connection between the asserted Cadence Patents and the '725 patent.  The technology described in the Cadence patents is not related to the '725 patent).

---

[1] While the Court is mindful of Sony's desire to preserve its objections for potential review by the Federal Circuit, the Court notes that this can be done without filing a 15 page motion taking issue with virtually every finding and conclusion made in the Magistrate Judge's 13 page Order.  The right to file objections to the Magistrate Judge's findings is not an invitation to search for "clear error" in every sentence written.  The parties are reminded that when seeking review oftentimes "less is more."  *See, e.g., Timken Roller Bearing Co. v. United States,* 341 U.S. 593, 597 n. 5 (1951), *overruled by Copperweld Corp. v. Independence Tube Corp.,* 467 U.S. 752 (1984)("Appellant originally attacked the decision below in 206 assignments of error, including 69 alleged errors in the District Court's findings of fact, 26 in its conclusions of law, and 62 based on the court's refusal to make new and additional findings. . . .  These assignments are unduly repetitious, some are frivolous, and the excessive number obscures the actual grounds on which appellant relies for reversal").

Applying the first-to-file rule, both the Magistrate Judge and Judge Armstrong of the Northen District of California found that Cadence's declaratory judgment action against Lonestar was better resolved by Lonestar's infringement claims against Sony in this Court.  *See Cadence Design Systems, Inc. v.  OEA Int'l, Inc.,* No. CV11-0713 SBA, 2011 WL4403619, at *3-4 (N.D. Cal. Sept. 20, 2011); VENUE ORDER at 9-11.

Sony's arguments that Cadence's physical location in the Northern District of California should be afforded more weight are simply veiled attempts at rearguing the customer-suit exception to the first-to-file rule and do little to persuade the Court that the Northern District of California is a clearly more convenient forum.  This is particularly true where Sony moves to transfer not to its home district, but to Cadence's home district, while providing no information regarding the presence of documents or witnesses other than to assume that they will be at or near Cadence's facilities in the Northern District of California.  *See* SONY'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE (Doc. No. 30)("ORIGINAL REPLY") at 3.  Defendants bear the burden of proof in motions to transfer venue, and as such, it is within the Court's discretion to afford less weight to assertions that are not supported by documentary evidence.  *See In re Volkswagen of America*, 545 F.3d 304, 315 (5th Cir. 2008)("the moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'")(alterations in original).

Sony further argues that the Magistrate Judge misinterpreted *Genentech* by citing it for the proposition the Court is to assume that the bulk of relevant evidence will come from the accused

infringer.[2]   Motion at 11 (citing Venue Order at 4).   Sony attempts to extrapolate from the

Magistrate Judge's citation of this general principle that the Court ignored  third party evidence. [3]

This is simply not the case.   The Magistrate Judge clearly considered that Cadence may have

relevant documents and that witnesses may be located near its facilities in the Northern District of

California; however, the Magistrate Judge afforded this consideration little weight due to its

speculative nature.   See Venue Order at 4-6.

Lastly, Sony argues the Magistrate Judge erred by considering Lonestar's documents in

Austin, Texas.   See Motion at 10 (citing In re Verizon Business Network Services, Inc., 635 F.3d

559, 561-62 (Fed. Cir. 2011)).   Even if Sony is correct that Lonestar's documents "should have been

accorded little weight" because they were collected for previous litigation, this factor does not weigh

in favor of transfer.   Sony continues to argue that "virtually all of the documents, specifically any

technical documents relating to the design of the accused Sony CD2819R Demodulator, will come

from Cadence."   Motion at 10.   However, it appears from the briefing that Sony does not know

where the documents are actually located, only suggesting that they could be located in the Northern

District of California or Maryland.   See, e.g., Motion at 12.   Sony's assurance that it "expects

Cadence will collect and assemble relevant documents prior to production at its San Jose

headquarters because counsel for Cadence has said as much," does not amount to persuasive

evidentiary showing.   Lastly, to the extent that Sony argues that the Northern District of California

---

[2]Interestingly, Genentech begins its discussion of this factor by stating: "'In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.'"  Genentech, 566 F.3d at 1345 (quoting Neil Bros. Ltd. v. World Wide Lines, Inc., 425 F. Supp.2d 325, 330 (E.D.N.Y. 2006)).

[3]The Court notes that while this Court has traditionally given more weight to third party documents and witnesses in the 1404(a) analysis, the circumstances of this case are unique and warrant a different approach.  See supra p. 2-3.

is more convenient because Cadence's legal team is located there and Cadence's documents will be reviewed and produced there, it is not clear that this should be given much weight because these documents will be collected at that location only for litigation purposes.  *See In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009); *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010)

**Location of Witnesses.**

Lonestar has indicated that Mr. Tallinger, a manager at Lonestar Inventions Management, LLC ("LIM"), the sole general partner of Lonestar, no longer lives in Austin, TX and has moved to California.[4]  However, the revelation that Mr. Tallinger resides in California does not change the fact that Sony has failed to meet its burden to prove that Northern District of California is a clearly more convenient forum.

With regards to the availability of compulsory process and the convenience of willing witnesses, the presence of Mr. Tallinger in California may add some weight for transfer.  *See* Venue Order at 6-7 (concluding that the cost of attendance for willing witnesses and the availability of compulsory process weigh in favor of transfer).  However, the only witnesses identified by Sony are Lonestar's management team, which includes the inventor, and the patent prosecution team.  *See* Motion at 7.  While the prosecuting attorneys and the attorney agent of the patent are located in the Northern District of California, their relevance to the litigation is questionable given that Sony has

---

[4]  Sony's concession and the Magistrate Judge's finding that Mr. Tallinger resided in Austin, TX was based on OEA International, Inc.'s corporate documents attached as Exhibits F and H to Jeffrey Miller's declaration, which lists the address of Mr. Tallinger as Austin, Texas.  *See* Reply at 2 n. 2 (citing Doc. No. 22-7).  Lonestar's failure to correct Sony's concession and the corporate filing which Sony relied on is concerning.  Apparently Mr. Tallinger has since moved to Cupertino, California.  *See* Response at 3.  This failure by Lonestar highlights the Court's difficulty in attempting to make factual determinations based on an undeveloped record.  However, as explained above, Mr. Tallinger's change of residence does not warrant transferring the case to the Northern District of California.

not alleged inequitable conduct.  As for Mr. Akcasu and Mr. Tallinger, it is unclear whether or not

they are in fact parties to the litigation.  It appears that both Mr. Akcasu and Mr. Tallinger are

managers of LIM which, in turn, is the sole General Partner of Lonestar.  *See* VENUE ORDER at 1;

*see also* DEFENDANT SONY ELECTRONIC INC.'S MOTION TO TRANSFER VENUE (Doc. No. 22) at 2-3.

Thus, it would seem that both are managers of Lonestar and therefore parties to the litigation.  The

presence of Mr. Akcasu and Mr. Tallinger in the Northern District of California does weigh in favor

of transfer.

Nevertheless, Sony has identified no witnesses with knowledge of Sony's or Cadence's

involvement with the patent in suit.  Speculation that witnesses may be located around Cadence's

facilities in the Northern District of California or in Maryland or at Sony's San Diego facility is

insufficient for the court to make a meaningful conclusion based on the convenience of the parties

and witnesses.  Thus, the Court finds the Magistrate Judge correctly weighed this factor.

**Judicial Economy**

Sony argues that the Magistrate Judge placed undue weight on judicial economy.  *See*

MOTION at 2-5.  The combination of the Court's extensive experience[5] with the patent in suit

---

[5] Its worth reiterating that this Court's experience with patent in suit is extensive.  Lonestar has filed no less than eight actions in this district over the last four years.  *See Lonestar Inventions, L.P. v.  Freescale*, No. 6:07-cv-27 (Filed Jan. 19, 2007; closed Oct. 22, 2007); *Lonestar Inventions, L.P. v. Kodak*, 6:07-cv-255 (Filed Jun. 5, 2007; closed Mar. 19, 2008); *Lonestar Inventions, L.P. v. Nintendo of America, Inc.*, 6:07-cv-261 (Filed; Jun. 7, 2007;closed Jul. 20, 2009); *Lonestar Inventions, L.P. v. Xilinx*, 6:07-cv-393 (Filed Aug. 21, 2007; closed Dec. 23, 2008); *Lonestar Inventions, L.P. v. Sandisk Corp.*, 6:07-cv-374 (Filed Aug. 7, 2007; closed Nov. 14, 2008); *Lonestar Inventions, L.P. v. Matsushita Elec. Indus. Co. Ltd.*, 6:10-cv-43 (Filed Feb. 13, 2008; closed Nov. 24, 2008); *Lonestar Inventions, L.P. v. Advanced Micro Devices, Inc.*, 6:10-cv-17 (Filed Jan. 8, 2009; closed  Jul. 20, 2009); and *Lonestar Inventions, L.P. v. Atheros Commc'n, Inc.*, 6:10-cv-26 (Filed Feb. 4, 2010; closed Apr. 11, 2011).

Moreover, the Court held a joint *Markman* Hearing for *Lonestar Inventions, L.P. v. Nintendo of America, Inc.*, 6:07-cv-261; *Lonestar Inventions, L.P. v. Xilinx*; and  *Lonestar Inventions, L.P. v. Sandisk Corp.* on Nov. 6, 2008.  On Apr. 14, 2009, the Court issued a Claim Construction Order construing 15 claims in *Nintendo of America*.  Both *Xilinx* and *Sandisk* settled before the court issued the Order.  *See Lonestar Invention, LP, v. Nintendo of America, Inc.*, No. 6:07-cv-261, 2009 WL 1011734, at * 2 n. 1 (E.D.Tex. April 14, 2009).

combined with other factors weighing against transfer justified the Magistrate Judge's conclusion that Sony failed to meet its burden.  *See* VENUE ORDER at 13.  As an initial matter, the Court agrees with Sony that this case involves different circumstances than *Vistaprint*.  *See* MOTION at 3-4. Indeed, as the Federal Circuit reminds us, each case should be decided on an "'individualized, case-by-case consideration' of the relevant factors, balancing convenience and efficiency."  *In re Vistaprint Ltd.,* 628 F.3d 1342, 1347 (Fed. Cir. 2010)(*quoting Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  In *Vistaprint*, the Federal Circuit denied a writ of mandamus where all of the convenience factors weighed in favor of transfer but the court had extensive experience with the patent and suit and there was "copending litigation before the trial court involving the same patent and underlying technology." *Id.* at 1344, 1346-47.  While Sony is correct that at the time the motion was filed, there was no co-pending litigation involving the same patent, the Court nevertheless has had extensive experience with the patent in suit and several of the convenience factors are either neutral or weigh against transfer.[6]

Sony further attempts to distinguish *Vistaprint* by arguing that this Court conducted and issued the previous *Markman* order while the present case has been referred to Judge Love who will be construing the patent in this case.  *See* MOTION at 4-5.  Sony relies largely on a mischaracterization of *Rembrandt Vision Tech., L.P. v. Johnson & Johnson Vision Care, Inc.* that ignores the realities of the referral procedure.  In *Rembrandt*, Judge Ward noted that because both

---

[6] Sony reargues that *In re Verizon Business Network Services, Inc.* controls.  *See* MOTION at 4-5.  The Federal Circuit in *Verizon* found that absent an additional pending lawsuit, a previous claim construction that occurred five years before the filing the lawsuit at issue was "too tenuous a reason to support denial of transfer." *Verizon*, 635 F.3d 559, 562 (Fed. Cir. 2011).  This case, however, involves different circumstances: (1) the Venue Order considered judicial economy as one of several reasons for denying transfer;  (2) the *Markman* order was issued more recently than the *Markman* in *Verizon*;  (3) there was no intervening reexamination between the previous *Markman* and the present suit; and (4) this Court has presided over eight actions involving the patent in suit.  Thus, the Magistrate Judge correctly considered judicial economy as *one* factor in denying Sony's motion to transfer venue.

he and Magistrate Judge Everingham were retiring from the bench, "there will no longer be a judge in the Marshall Division with familiarity of this case." *Rembrandt Vision Technologies, L.P. v. Johnson & Johnson Vision Care, Inc.,* No. 2:09-cv-200, 2011 WL 2937365, at *2 (E.D.Tex. July 19, 2011).  As result, the court found that "the Court's familiarity and experience, under the unique facts of this case, do not effect the analysis of judicial economy or the other private or public interest factors." *Id.*  Thus, it was not the Marshall Division in the abstract that had accumulated familiarity and experience with the patent, but Judge Everingham and Judge Ward, neither of who would be trying the case after the *Markman* Hearing. However, unlike *Rembrandt* which would have required a new judge with no familiarity with the patent try the case, this Court will try the case just as this Court previously issued  the claim construction order.  As a result, the Court can take advantage of the natural efficiencies that occur when a judge familiar with the patent in suit tries the case.

## CONCLUSION

The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct subject to the clarifications above.[7]  Accordingly, Defendant's objections are overruled and its Motion for Reconsideration (Doc. No. 50) is **DENIED**.

**So ORDERED and SIGNED this 3rd day of November, 2011.**



**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

---

[7]Sony also argues that the "prospective speed with which this case might be brought to trial is not of significance in this case." MOTION at 15 (citing *In re Morgan Stanley*, 417 Fed. Appx. 947, 950 (Fed. Cir. 2011)). Even if Sony is correct that this factor should be discounted absent a showing from plaintiff that it would benefit from a more rapid disposition of the case, it at best renders this factor neutral and does not alter the Court's decision to deny transfer.